UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STRIKE 3 HOLDINGS, LLC, etc.,

    Plaintiff,

v.      CASE NO. 3:25-cv-723-WWB-SJH

JOHN DOE, etc.,

    Defendant.
_____/

### ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference and Incorporated Memorandum of Legal Authority ("Motion"). Doc. 8. For the reasons set forth herein, the Motion is due to be **granted** to the extent stated below.

Plaintiff alleges copyright infringement against an unnamed defendant ("subscriber") who unlawfully downloaded and distributed Plaintiff's copyrighted motion pictures through use of the internet and peer-to-peer file sharing. Doc. 1. Plaintiff alleges it has identified the subscriber's Internet Protocol (IP) address as having downloaded and/or shared Plaintiff's motion picture content. *Id.* at ¶¶ 5, 9, 12. Plaintiff argues it cannot proceed with this action absent the identity of the subscriber and is unable to ascertain his or her identity through any alternative means. Doc. 8 at 9-11. The Court is satisfied that Plaintiff has shown good cause to allow issuance and service of a subpoena on the Internet Service Provider ("ISP") named in Plaintiff's

1

filings for purposes of identifying the subscriber by name and address.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 8) is **granted** to the extent stated below.

2. Plaintiff may serve the ISP with the proposed subpoena (Doc. 8-4), under Federal Rule of Civil Procedure 45, commanding the ISP to provide Plaintiff with the subscriber's name and address. However, Plaintiff must adjust the response date in the subpoena consistent with this Order. Plaintiff shall attach to the subpoena a copy of the Complaint, the attachments thereto, and this Order.

3. Plaintiff may also serve a substantially identical Rule 45 subpoena in the same manner as above on any intermediary ISP that is identified in response to the subpoena as a provider of Internet services to the subscriber.

4. Any ISP that receives a subpoena pursuant to this Order shall provide written notice, which may include e-mail notice, to any affected subscriber of the identified IP address within **twenty-one (21) days** from the date of service, and such notice shall inform the subscriber of his or her right to challenge the subpoena in court. The ISP shall also provide a copy of this Order with the written notice.

5. The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551(c)(2)(B).[1]

6. The subscriber shall have **fourteen (14) days** from the date of the ISP's

---

[1] Section 551(c)(2)(B) of Title 47, United States Code, states, in pertinent part, that "[a] cable operator may disclose [personally identifying information] if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"

written notification to move to quash or otherwise challenge the subpoena. Unless and until the Court orders otherwise, any such motion or challenge may be filed anonymously or pseudonymously. The subscriber must serve a copy of his or her motion upon both Plaintiff's counsel and the ISP. The ISP shall not produce, but shall preserve, any subpoenaed information pending the resolution of any timely filed motion to modify or quash the subpoena.

7. Plaintiff may use the information disclosed in response to the Rule 45 subpoenas served on the ISPs only as necessary to prosecute this action.

8. Plaintiff must adhere to the following procedures: (i) in all written or oral communications with the subscriber, Plaintiff's attorney(s) must identify themselves as representing Plaintiff and not representing the interests of the subscriber and must inform the subscriber that any statements made by the subscriber may be used against him or her; (ii) if the subscriber contacts Plaintiff, Plaintiff must inform the subscriber of his or her right to hire legal counsel to represent the subscriber in this matter; (iii) the subscriber, at any time, may inform Plaintiff by phone or written communication that he or she does not want to communicate further with Plaintiff until Plaintiff serves a summons on the subscriber as the named Defendant in this matter.

9. At least **twenty-one (21) days** prior to seeking issuance of a summons from the Clerk of Court that names the subscriber as Defendant, Plaintiff must: (i) notify the subscriber (or his or her counsel if the subscriber is represented) in writing, of Plaintiff's intent to name the subscriber as Defendant and serve the subscriber in this case; and (ii) file a notice with the Court indicating that it has notified the

subscriber of such.

10. Unless and until the Court orders otherwise, the subscriber may proceed anonymously or pseudonymously in this case. The subscriber must file a notice that he or she elects to do so no later than **fourteen (14) days** after receiving notification from Plaintiff of its intent to name and serve him or her as Defendant herein.

**DONE AND ORDERED** in Jacksonville, Florida, on July 23, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

4